NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2352
_____

COUNTY OF MONTGOMERY

v.

ATLANTIC RICHFIELD COMPANY; E.I. DUPONT DE
NEMOURS AND COMPANY; NL INDUSTRIES, INC.;
PPG INDUSTRIES, INC.; SHERWIN-WILLIAMS COMPANY,
                                        Appellants

_____

No. 19-2353
_____

COUNTY OF LEHIGH

v.

ATLANTIC RICHFIELD COMPANY; E.I. DUPONT DE
NEMOURS AND COMPANY; NL INDUSTRIES, INC.;
PPG INDUSTRIES, INC.; SHERWIN-WILLIAMS COMPANY,
                                        Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-18-cv-05128 & 5-18-cv-05140)
District Judge: Honorable Nitza I. Quiñones Alejandro

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 13, 2019

Before: RESTREPO, ROTH and FISHER *Circuit Judges*.

(Filed: February 26, 2020)

_____

OPINION[*]

_____

FISHER, *Circuit Judge*.

Plaintiffs, two Pennsylvania counties, sued several paint manufacturers and successors-in-interest to such manufacturers in state court.[1] The counties assert state-law claims relating to the alleged public nuisance the manufacturers created by contributing to the presence of lead paint throughout the counties' housing stock. The manufacturers removed the cases to federal court, but the District Court remanded for lack of subject-matter jurisdiction. The manufacturers appeal. We will affirm.[2]

The manufacturers argue that the District Court erred in concluding that the actions were not properly removed pursuant to the federal officer removal statute.[3] In general terms, that statute enables removal when "the allegedly culpable behavior took

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The actions have been consolidated for disposition on appeal.

[2] The District Court's subject-matter jurisdiction is at issue. We have jurisdiction pursuant to 28 U.S.C. § 1291 and under the exception in § 1447(d) because the cases were removed pursuant to § 1442(a)(1). Our review of the District Court's remand orders is de novo. *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 810 & n.3 (3d Cir. 2016). "[W]e construe the facts in the removal notice[s] in the light most favorable to [the manufacturers]." *Id.* at 811 (quoting *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Phila.*, 790 F.3d 457, 466 (3d Cir. 2015)).

[3] 28 U.S.C. § 1442(a)(1).

2

place while the defendant was acting under the direction of a federal officer or agency."[4] The District Court concluded that the manufacturers were required, but failed, to establish that they were "'acting under' the United States, its agencies, or its officers," and that the claims against them "are 'for, or relating to' an act under color of federal office."[5] We agree.

The manufacturers argue that the counties' claims are based upon their conduct "acting under" the United States because they "supplied paints to the Government for governmental purposes pursuant to federal specifications."[6] In their notices of removal, the manufacturers allege that Defendant Sherwin-Williams "supplied the federal government with significant quantities of paint products" during the World Wars, and, at the same time, the federal government "directed and recommended the use of lead-based paint on a variety of public and private buildings," including federal housing projects.[7] However, a private entity's "'acting under' must involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior"; it "does *not* include simply *complying* with the law."[8] Aside from the general suggestion that they "supplied" lead

---

[4] *Papp*, 842 F.3d at 810.
[5] *County of Montgomery v. Atl. Richfield Co.*, No. 18-5128, 2019 WL 2371808, at *6–8 (E.D. Pa. June 5, 2019) (quoting *Papp*, 842 F.3d at 812); *County of Lehigh v. Atl. Richfield Co.*, No. 18-5140, 2019 WL 2371783, at *6–8 (E.D. Pa. June 5, 2019) (quoting *Papp*, 842 F.3d at 812).
[6] Appellants' Br. 12–13.
[7] JA68–70, 305–07.
[8] *Watson v. Philip Morris Cos.*, 551 U.S. 142, 152 (2007). *Compare id.* at 156–57 (defendant was not "acting under" because there was "no evidence of any delegation of

3

paint to the federal government, the manufacturers do not assert that they acted under any contract with or directive from the federal government. "Without evidence of some such special relationship" beyond "the usual regulator/regulated relationship," the manufacturers fail to meet the "acting under" requirement.[9]

Nor do the counties' claims "relate to" acts the manufacturers allegedly took under color of federal office. To satisfy this requirement, there must be some "connection or association between the act in question and the federal office."[10] The manufacturers allege that the federal government "specified" the use of lead-based paint on federal housing projects during the same time that Defendant Sherwin-Williams "supplied" the federal government with paint "for ships and military purposes."[11] This connection is too tenuous. We agree with the District Court that absent "any allegation that [the manufacturers] supplied any such lead-

---

legal authority . . . [n]or . . . of any contract, any payment, any employer/employee relationship, or any principal/agent arrangement," nor "evidence of some such special relationship" apart "from the usual regulator/regulated relationship"), *with Papp*, 842 F.3d at 813 (defendant was "acting under" because plaintiff's claims were "directed at actions [defendant] took while working under a federal contract to produce an item the government needed, . . . and that the government otherwise would have been forced to produce on its own").

[9] *Watson*, 551 U.S. at 157. The manufacturers ask us to infer "that the supply to the federal government by commercial enterprises of large quantities of paint pursuant to federal specifications during [the World Wars] involved contracts." Appellants' Br. 16–17. Such an inference, however, does not permit us to conclude that the counties' claims regarding the proliferation of lead-based paint in their housing stock are "directed at the relationship" those contracts established. *Papp*, 842 F.3d at 813.

[10] *Papp*, 842 F.3d at 813 (quoting *Def. Ass'n*, 790 F.3d at 471).

[11] JA68–70, 305–07.

based paint for these federal housing projects [in these counties] at the direction of the federal government, pursuant to a federal contract, or to meet federal specifications," the manufacturers fail to demonstrate an adequate association between the counties' claims and federal officers or agencies.[12]

Because the manufacturers have not established federal subject-matter jurisdiction at this time, we will affirm the judgment of the District Court.

---

[12] *County of Montgomery*, 2019 WL 2371808, at *8; *County of Lehigh*, 2019 WL 2371783, at *8.